IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAMION M. THOMAS,

        Petitioner,

vs.                              Case No. 16-CV-00701-DRH

UNITED STATES OF AMERICA

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge**:

Now before the Court is Petitioner Damion M. Thomas's June 27, 2016, 28 U.S.C. § 2255 petition (Doc. 1). This is not Thomas's first 2255 petition. On July 16, 2013, Thomas filed a § 2255 petition. See *Thomas v. USA*, 13-cv-00689-DRH (Doc. 1). On April 15, 2014, this Court denied Thomas's petition and judgment was entered (*Id.* at Docs. 6 & 7). No appeal was filed.

Because Thomas previously filed a § 2255 petition, his current motion is a "second or successive motion" within the meaning of § 2255(h), which says that "[a] second or successive motion must be certified as provided in [28 U.S.C. § ] 2244 by a panel of the appropriate court of appeals" before it may be allowed to proceed. 28 U.S.C. § 2255(h). "From the district court's perspective, [ § 2244(b) ] is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for

its filing." *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); see also 7th Cir. Rule 22.2 (providing a procedure for prisoners to seek leave to file a successive motion under § 2255); *Melton v. United States*, 359 F.3d 855, 856–57 (7th Cir. 2004) (the petitioner's "application in 1997 used up the only collateral attack allowed as of right, and the district court thus lacks jurisdiction to entertain any further collateral proceedings unless this court first grants permission under § 2244 and § 2255 ¶ 8") (citation omitted).

As to authorization, Thomas requested that his second § 2255 case be stayed pending approval from the Seventh Circuit, thus allowing him to comply with the *Johnson v. United States*, 135 S. Ct. 2551 (2015) one-year filing deadline (Doc. 2). However, on September 11, 2015, the Seventh Circuit issued an order that states the following:

> Damion Thomas has filed an application pursuant to 28 U.S.C. § 2244(b)(3), seeking authorization to file a successive motion under 28 U.S.C. § 2255 to vacate his sentence. Sentenced as an armed career criminal under 18 U.S.C. § 924(e), he wants to challenge his sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the imposition of an enhanced sentence under the residual clause of the Armed Career Criminal Act is improper because the clause is unconstitutionally vague. But Thomas was not sentenced under the residual clause. Instead, he has two prior convictions for offenses listed in 18 U.S.C. § 924(c)(2)(B)(ii), and one prior conviction for an offense that qualifies under § 924(e)(2)(B)(i). Specifically, Thomas was twice convicted of residential burglary and once of aggravated discharge of a firearm in Illinois. Thomas therefore cannot make a prima facie showing that he is entitled to relief under *Johnson*.
> Accordingly, we **DENY** authorization and **DISMISS** Thomas's application.

*Thomas v. United States*, No. 15-2708 (7th Cir. Sept. 11, 2015).

Obviously, this does not constitute authorization from the Seventh Circuit Court of Appeals. Therefore, this Court cannot provide Thomas with the authorization to proceed with this 2255 petition. Thus, the Court dismisses for lack of subject matter jurisdiction Thomas's petition.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether petitioner's motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found it lacks jurisdiction over petitioner's motion because it is a second or successive motion pursuant to § 2255.

Accordingly, the Court **DISMISSES** for lack of jurisdiction Thomas's 28 U.S.C. § 2255 petition and **DECLINES** to issue a certificate of appealability. The Clerk is instructed to close the file and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 8th day of November, 2016.

Digitally signed by
Judge David R. Herndon
Date: 2016.11.08
13:43:41 -06'00'

**United States District Court Judge**